UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CARLOS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.           ) | No.: 13-3077-CSB-DGB |
| ) | |
| ) | |
| DR. HUGHES LOCHARD, ) | |
| ) | |
| Defendant. ) | |

### MERIT REVIEW OPINION

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Carlos Johnson's claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Johnson has filed the instant suit against Defendant Dr. Hughes Lochard claiming that Dr. Lochard has been deliberately indifferent to his serious medical need in violation of his Eighth Amendment rights. Johnson alleges that he is an insulin dependent diabetic and that, prior to March 2012, he complained to the Health Care Unit at the Rushville Treatment and Detention Center (where he is currently housed) and to Dr. Lochard that he had experienced dizziness and loss of balance due to his diabetes. Moreover, Johnson asserts that he asked Dr. Lochard for a low bunk permit, but Dr. Lochard failed or refused to provide Johnson with a low bunk permit.

On March 6, 2012, Johnson lost his balance and fell from his top bunk. Johnson sustained injuries as a result of the fall. The next day, Johnson again asked for a low bunk permit. However, Dr. Lochard has denied Johnson's request due to the overcrowding at the Rushville facility, and Johnson has been forced to sleep on the floor as a result. Johnson claims that Dr. Lochard's refusal to provide him with a low bunk permit constitutes deliberate

2

indifference to his serious medical need.  In addition, Johnson asserts that causing him to sleep on the floor *ipso facto* constitutes cruel and unusual punishment.  Accordingly, Johnson has filed the instant suit seeking damages and injunctive relief.

"To prevail in this section 1983 action, [Johnson] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [the defendant] intentionally deprived him of that right and (4) that [the defendant] acted under color of state law." *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010).  As for his claim that Dr. Lochard subjected him to cruel and unusual punishment based upon Johnson being forced to sleep on the floor, the Court finds that Johnson's allegation is insufficient to state a constitutional claim.  According to his Complaint, Johnson chose to sleep on the floor rather than sleep on the top bunk provided to him.  Dr. Lochard did not force Johnson to sleep on the floor, and Dr. Lochard was not punishing Johnson for anything.

"The Eighth Amendment only protects against 'cruel and unusual punishments.'" *McAtee v. Ramos*, 1994 WL 630824, * 2 (N.D. Ill. Nov. 8, 1994).  Indeed, "[n]ot every unpleasant experience a prisoner might endure constitutes cruel and unusual punishment." *Lowe v. Price*, 2010 WL 1418723, * 2 (E.D. Ky. Apr. 7, 2010)(citing *Ivey v. Wilson,* 832 F.2d 950 (6th Cir. 1987)(per curiam)).  As one district court has noted: "sleeping on a bunk-bed is preferable to sleeping on the floor, but sleeping on the floor for four months cannot be said to be cruel or unusual amidst overcrowding penal facilities." *Baxter v. Combs*, 2007 WL 4327976, * 3 (E.D. Ky. Dec. 10, 2007).  Accordingly, the Court finds that Johnson's allegation of having to sleep on his mattress on the floor does not state a constitutional claim of cruel and unusual punishment in violation of the Eighth Amendment.

But, "[e]ven if requiring an inmate to sleep on a mattress on the floor does not by itself give rise to a constitutional claim, that does not permit jail authorities to ignore a detainee's medical condition." *Norris v. Godinez*, 2010 WL 2681287, * 4 (N.D. Ill. July 6, 2010). The Eighth Amendment prohibits punishments that are incompatible with "evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958). "The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)("Deliberate indifference to serous medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."); *Walker v. Benjamin*, 293 F.3d 1030, 1036-37 (7th Cir. 2002)(noting that the Eighth Amendment applies to the states through the Fourteenth Amendment).

The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533

4

F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

In other words,

> [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw the inference. A jury can infer deliberate indifference on the basis of a physician's treatment decision when the decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted). The Seventh Circuit has cautioned, however, that "[a] prisoner [] need not prove that the prison officials intended, hoped for, or desired the harm that transpired. Nor does a prisoner need to show that he was literally ignored. That the prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

At this point, the Court cannot say that Johnson's Complaint is frivolous or that his Complaint fails to allege sufficient facts to state a claim for relief that is plausible on its face.

5

*Moses v. Shah*, 2011 WL 5289599, * 2 (C.D. Ill. Nov. 2, 2011)(finding that the plaintiff stated an Eighth Amendment claim based upon a doctor's failure to provide him with a lower lever bunk); *Naves v. Haley*, 2011 WL 5833822, * 3 (D. Nev. Oct. 20, 2011)(finding that a complaint that alleged that a corrections officer assigned an inmate a top bunk, despite his knowledge that the inmate frequently had violent dreams and fell out of bed, stated a claim for deliberate indifference under the Eighth Amendment). Accordingly, the Court will allow Johnson to pursue a claim against Dr. Lochard for deliberate indifference to his serious medical need based upon his denial or failure to provide Johnson with a lower bunk.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim under the Eighth Amendment against Defendant for deliberate indifference to a serious medical need. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Court finds that Plaintiff's Complaint against for cruel and unusual punishment for having to sleep on the floor, as an independent claim, fails to state a cause of action upon which relief can be granted.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendant by mailing him a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendant shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to Defendant or to Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES; AND 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

Entered this 11th day of March 2014.

_____/s Colin S. Bruce_____
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE